

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-92,441-01 & WR-92,441-02

**EX PARTE KEVIN HOGUE, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 10969-A & 11387-A IN THE 90TH DISTRICT COURT
FROM YOUNG COUNTY**

*Per curiam.*

**O R D E R**

Applicant pleaded guilty to tampering with evidence and evading arrest and, after a period of deferred adjudication, was sentenced to thirty years' imprisonment in each cause. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for allowing him to be sentenced to a term outside the applicable punishment range. He alleges that he was sentenced to deferred adjudication for these offenses with the understanding that they were third degree felonies and if he violated his release, he would be sentenced within the third degree punishment range. No enhancements were alleged in the indictments, and there is nothing in the habeas record to show that

when or if the State proper alleged prior convictions for enhancement. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 31, 2021
Do not publish